3RD JUDICIAL DISTRICT COURT
DONA ANA COUNTY NM
FILED IN MY OFFICE
6/14/2018 5:02 PM
DAVID S. BORUNDA
Marisela Polino

STATE OF NEW MEXICO
COUNTY OF DONA ANA
THIRD JUDICIAL DISTRICT COURT

D-307-CV-2018-01302

NATASHA HARDING

Arrieta, Manuel I.

    Plaintiff,

vs.

SOUTHWEST DECOR EL PASO CORP.,
AND JOSHUA QUINTERO,

    Defendants.

### COMPLAINT TO RECOVER DAMAGES FOR PERSONAL INJURIES

COMES NOW the Plaintiff Natasha Harding (Harding), by and through her attorneys of record THE PICKETT LAW FIRM (Mark L. Pickett), and for her complaint against the Defendants Southwest Decor El Paso Corp. (Southwest Decor) and Joshua Quintero (Quintero), states upon her knowledge or based upon information and belief as follows:

### JURISDICTION

1. Harding was at all times material to the allegations of this complaint and is currently, a resident of Dona Ana County, State of New Mexico.

2. Southwest Decor was at all times material to the allegations of this complaint and is currently, a business licensed to do business and currently doing business in El Paso, Texas.

3. Quintero was at all times material to the allegation of this complaint an employee of Southwest Decor, and believed to be a resident of El Paso, Texas.

4. The incident giving rise to this complaint occurred in Doña Ana County, New Mexico.

5. This Court has personal jurisdiction and venue in this matter.

### FACTUAL ALLEGATIONS

6. Harding incorporates all previous paragraphs as if fully set forth herein.

# Exhibit B

7. On or about July 17, 2015, Harding was driving with her two small children in her 2003 Ford westbound on University Avenue in Las Cruces, New Mexico.

8. Quintero was driving a 2006 Chevy Van westbound on University Avenue directly behind Ms. Harding.

9. Quintero was driving a van owned by Southwest Decor.

10. As Harding was driving, the driver driving the car in front of her came to a stop.

11. Harding stopped behind the car in front of her.

12. Quintero failed to stop the van when Harding stopped her car and crashed into the back of Harding's car.

13. At the time of the collision, Harding was eight months pregnant.

14. Because of the trauma of the collision, Harding was seen in the emergency department at Memorial Medical Center (MMC) immediately after the collision.

15. Harding began having contractions and was admitted as an inpatient to MMC.

16. Harding was discharged home with orders for bed rest due to the trauma of the collision and her late stage pregnancy.

17. Harding suffered additional physical injuries as a result of the collision.

## I. NEGLIGENCE BY QUINTERO

18. Harding incorporates all previous paragraphs as if fully set forth herein.

19. At the time of the crash, Harding drove her car in a safe and lawful manner.

20. Harding did not commit any traffic violation or improper driving that contributed to the crash.

21. Quintero had a duty to drive his van in a safe and lawful manner.

22. Quintero had a duty to keep a proper lookout for traffic and to drive his van with due care.

23. Quintero also had a duty to follow the traffic laws when driving his van.

24. The crash that occurred was the result of Quintero's failure to drive his van with ordinary care in regard to Harding and others.

25. The crash was due to Quintero's careless driving and negligent driving, his failure to drive with due care, and his failure to follow the traffic laws.

26. At the time of the crash, Quintero drove his van in violation of existing regulations, codes, and statutes.

27. The sole and proximate cause of this crash was the negligence of Quintero.

28. As a direct and proximate result of the negligence of Quintero, Harding suffered injuries as alleged in this complaint.

## II. SOUTHWEST DECOR'S VICARIOUS LIABILITY

29. Plaintiff incorporates by reference all previous paragraphs.

30. Quintero was an employee of Southwest Decor and was working for Southwest Decor at all times material to this complaint.

31. Quintero was acting within the scope of his employment and the scope of his duties with Southwest Decor at all times material to this complaint.

32. Southwest Decor is responsible for the acts and/or omissions of its employee in this matter.

## III. NEGLIGENCT HIRING, TRAINING, AND SUPERVISION OF EMPLOYEES BY SOUTHWEST DECOR

33. Plaintiff incorporates all previous paragraphs as though fully restated herein.

3

34. Southwest Decor was responsible for hiring, training, and supervising its employees.

35. Southwest Decor had a duty to hire safe and properly qualified drivers to drive its delivery vehicles.

36. Southwest Decor had a duty to create, implement, and enforce policies and procedures regarding the safe and proper use of its delivery vehicles.

37. Defendant Southwest Decor had a duty to train and supervise its employees regarding its policies and procedures and the safe and proper use of its delivery vehicles.

38. Southwest Decor breached its duties owed to Harding and to others by failing to:

   a) hire safe and properly qualified drivers;

   b) creating, implementing, and enforcing policies and procedures regarding the safe and proper use of its delivery vehicles;

   c) properly training and supervising its employees regarding its policies and procedures; and

   d) properly training and supervising its employees regarding the safe and proper use of its delivery vehicles.

39. As a direct and proximate result of Southwest Decor's negligent acts or failure to act, Harding suffered damages as alleged in this complaint.

**DAMAGES**

40. Harding incorporates all previous paragraphs as if fully set forth herein.

41. As a direct and proximate result of the negligence of Quintero and Southwest Decor, Harding suffered personal injuries and bodily impairment.

42. As a direct and proximate result of the negligence of Quintero and Southwest Decor,

Harding has undergone and will continue to undergo pain and suffering and loss of enjoyment of life. Harding has incurred medical expenses and will incur future medical expenses for treatment of her condition. All of Harding's damages will continue into the future.

43. Harding suffered mental anguish due to the fact she was eight months pregnant at the time of this collision and she anguished over the effect of the collision on her pregnancy and the health of her baby.

44. Harding is entitled to be compensated by Quintero and Southwest Decor for her damages as alleged in this complaint.

WHEREFORE, Harding prays for judgment against Quintero and Southwest Decor in an amount reasonable to compensate Harding for:

A. Damages as alleged in this complaint in an amount to be ascertained at trial;

B. Costs incurred in this litigation;

C. Prejudgment and post-judgment interest; and

D. Any other relief which this Court may deem just and proper.

RESPECTFULLY SUBMITTED,

THE PICKETT LAW FIRM, LLC.
P.O. Box 1239
Las Cruces, NM  88004
Telephone:  (575) 526-3338
Facsimile: (575) 526-6791
Email: mark@picklawllc.com

Attorney for Plaintiff

*/s/ Mark L. Pickett*
MARK L. PICKETT

3RD JUDICIAL DISTRICT COURT
DONA ANA COUNTY NM
FILED IN MY OFFICE
6/14/2018 5:02 PM
DAVID S. BORUNDA
Marisela Polino

Case 2:18-cv-00702-JB-KRS   Document 1-2   Filed 07/23/18   Page 6 of 15

STATE OF NEW MEXICO
COUNTY OF DONA ANA
THIRD JUDICIAL DISTRICT COURT

NATASHA HARDING

    Plaintiff,

vs.

SOUTHWEST DECOR EL PASO CORP.,
AND JOSHUA QUINTERO,

    Defendants.

D-307-CV-2018-01302

## DEMAND FOR TRIAL BY JURY

COMES NOW the Plaintiff, Natasha Harding by and through her attorneys of record, THE PICKETT LAW FIRM, LLC. (Mark L. Pickett), and hereby demands a trial by a jury of six (6) persons, and tenders herewith the required jury fee of One Hundred Fifty Dollars and no/cents ($150.00).

RESPECTFULLY SUBMITTED,

THE PICKETT LAW FIRM, LLC.

  /s/ *Mark L. Pickett*
MARK L. PICKETT
P.O. Box 1239
Las Cruces, NM 88004
Telephone: (575) 526-3338
Fax: (575) 526-6791
Email: mark@picklawllc.com

*Attorney for Plaintiff*

3RD JUDICIAL DISTRICT COURT
DONA ANA COUNTY NM
FILED IN MY OFFICE
6/14/2018 5:02 PM
DAVID S. BORUNDA
Marisela Polino

STATE OF NEW MEXICO
COUNTY OF DONA ANA
THIRD JUDICIAL DISTRICT COURT

D-307-CV-2018-01302

NATASHA HARDING

    Plaintiff,

vs.

SOUTHWEST DECOR EL PASO CORP.,
AND JOSHUA QUINTERO,

Defendants.

## MANDATORY CERTIFICATION OF RELIEF SOUGHT

COMES NOW the Plaintiff, Natasha Harding by and through her attorneys of record, THE PICKETT LAW FIRM, LLC. (Mark L. Pickett), and hereby certifies that the relief sought in her Complaint for Damages for Personal Injuries exceeds $25,000.00, exclusive of punitive damages, interest, costs and attorneys fees.

RESPECTFULLY SUBMITTED,

THE PICKETT LAW FIRM, LLC.
Attorneys for Plaintiff
P.O. Box 1239
Las Cruces, NM  88004
Telephone:  (575) 526-3338
Facsimile: (575) 526-6791

/s/ Mark L. Pickett
MARK L. PICKETT

*Attorneys for Plaintiff*

3RD JUDICIAL DISTRICT COURT
DOÑA ANA COUNTY NM
FILED IN MY OFFICE
6/15/2018 11:07 AM
DAVID S. BORUNDA
Marisela Polino

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT COURT

NATASHA HARDING,
    Plaintiff,

                 D-307-CV-2018-01302
                 JUDGE: MANUEL I. ARRIETA

SOUTHWEST DÉCOR EL PASO CORP., and
JOSHUA QUINTERO
    Defendant.

## ORDER REQUIRING SCHEDULING REPORTS, A DISCOVERY PLAN, EXPERT WITNESS DISCLOSURE, AND LIMITING STIPULATIONS TO ENLARGE TIME FOR RESPONSIVE PLEADINGS

IT IS SO ORDERED:

A.  Plaintiff shall serve a copy of this order on each defendant with the summons and complaint and file a certificate of such service. Parties other than plaintiffs who assert claims against others who have not been served with this order shall serve a copy of this order on those against whom they assert claims with the pleading asserting such claims and shall file a certificate of such service.

B.  Within sixty (60) calendar days after the initial pleading is filed, parties of record shall file a scheduling report with copies to opposing parties and the assigned judge. Parties shall confer and are encouraged to file a Joint Scheduling Report, LR3-Form 2.12 NMRA for Track A or LR3-Form 2.13 for Tracks B and C, or, if they cannot agree, file an individual Scheduling Report, LR3-Form 2.13 NMRA. *See* copies of forms attached hereto.

C.  Any party who enters an appearance in the case more than sixty (60) calendar days after the filing of the initial pleading shall file a scheduling report within ten (10) business days and deliver a copy to the assigned judge.

D. If all parties are not of record within sixty (60) calendar days of the filing of the initial pleading, the *party making claims against the absent parties (Plaintiff for Defendants, Third-Party Plaintiffs for Third-Party Defendants, etc.)* shall, within five (5) business days after the sixtieth (60th) day, file and serve parties of record and deliver to the assigned judge, a written explanation following LR3-Form 2.14 NMRA, "Delay in Putting the Matter at Issue."

E. Counsel or parties who do not have attorneys may not stipulate to an enlargement of time greater than fourteen (14) calendar days for the filing of a responsive pleading without a motion and order. The motion shall state with particularity the reason(s) an enlargement is in the best interests of the parties. A copy of the motion and stipulation shall be delivered to all parties as well as counsel. The enlargement requested shall be for a specified time.

F. When all parties have been joined and the case is at issue, the parties shall immediately notify in writing the assigned judge and the alternative dispute resolution coordinator.

G. If appropriate, the court will refer this matter to settlement facilitation under Part VI of the Local Rules of the Third Judicial District Court.

H. Within seventy-five (75) calendar days from the date the initial pleading is filed, or fifteen (15) calendar days after the case is at issue if LR3-Form 2.14 NMRA has been filed, the parties shall either:

(1) stipulate to a discovery plan and file the stipulation with the court, or

(2) request a hearing to establish a discovery plan pursuant to Paragraph F of Rule 1-026 NMRA.

(3) In the absence of a stipulated discovery plan or a timely request from a party for a hearing to establish a discovery plan, the following plan shall go into effect:
Within one hundred (100) calendar days after the initial pleading was filed or fifteen (15) calendar days after a party has entered the suit, whichever is the later date, each party shall provide to all other parties:

a. The name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed issues raised by the

      pleadings, identifying the subjects of the information;

   b.  A copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed issues raised by the pleadings;

   c.  A computation of any category of damages claimed by the disclosing party, providing copies or making available for inspection and copying the documents or other evidentiary materials and medical records and opinions, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered;

   d.  For inspection and copying, any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment;

   e.  If the medical condition of a party is at issue, such party shall give a medical release authorization to opposing parties. The parties shall confer regarding the nature and extent of the release and stipulate, if possible. If the parties cannot agree, each party shall file a memorandum with a proposed medical release authorization advocating that party's proposed form to the court. A copy of the memorandum and proposed form shall be delivered to the assigned judge. Rule 1-007.1 NIMRA shall apply.

I.  Pursuant to Rule 1-026(E) NMRA, parties shall reasonably supplement discovery required in Subparagraphs (3)(a) through (e) of Paragraph H of this Order.

J.  Intent to Call Expert Witness - Disclosure.  No later than sixty (60) calendar days after filing their respective pleading or responsive pleading, all parties shall exchange a "Notice of Intent to Call Expert Witness(es)". The parties shall list the names, addresses and phone numbers for all anticipated experts, including a brief summary of the subject matter of each witness' testimony. If an expert has not yet been identified by a party, the parties must list the specialized area(s) in which

an expert is anticipated to be retained and a brief summary of the areas or issues on which the expert is expected to testify. With respect to each expert listed, all parties are to observe their continuing duty to timely supplement discovery and shall further abide by the requirements of Section 8 of the attachment to the Rule 16(B) Scheduling Order.

_____
DISTRICT COURT JUDGE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

David S. Borunda
Clerk of the District Court

_____
Marisela Polino

LR3-Form 2.12                                                                            Supreme Court Approved
                                                                                                       August 6, 2004

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT COURT

_____  Plaintiff

vs.

                                           NO.: D-307-CV_____
                                           Judge:
                        Defendant

JOINT SCHEDULING REPORT STIPULATING TO TRACK A

Come now all the parties to this case, (by their counsel of record) and stipulate as follows:

1  The court has subject matter and personal jurisdiction, and venue is proper.

2  This case is appropriate for assignment to Track A

3  The parties do not intend to amend the pleadings or file dispositive motions

4  All parties will be ready for trial *by*_____ *(no more than six (6) months from filing of complaint)*

5  Witness lists will be exchanged and filed forty-five (45) days before trial

6  Discovery limited to interrogatories, requests for production and admission and no more than two (2) depositions per party.

7  All parties and counsel will either (a) select a facilitator by agreement of the parties, or (b) request the court's ADR coordinator to select a facilitator and will engage in a settlement conference within ninety (90) days from the date of the filing of the complaint. The parties may move for enlargement of time for the settlement conference for good cause shown The parties shall share the facilitator's fee, if any, equally.

8.  Exhibits: exchanged at least fifteen (15) days before trial.

    This (jury _____ 6 _____ 12 nonjury _____ ) matter will take _____ hours to try.

9.  Conflicting court hearings (or other conflicts which show good cause for not setting trial) for two (2) months following the date the matter is ready for trial:

    _____

    _____

10. Other: _____

SUBMITTED BY:

Name of party:
Attorney:
Address:

Telephone Number

Name of party:
Attorney:
Address:

Telephone Number

### CERTIFICATE OF MAILING

I HEREBY CERTIFY that I mailed, delivered or faxed a copy to the assigned judge and each party or each party's attorney on the _____ day of _____ , 20 _____

_____
Signature

LR3-Form 2.13. (_____'s) (joint) scheduling report.

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT COURT

            , Plaintiff

vs.

                 NO.: D-307-CV
                 Judge:
           , Defendant

      (_____'S) (JOINT) SCHEDULING REPORT

1. This case should be assigned to Track _____.
2. Jurisdiction and Venue: _____Stipulated; _____Disputed;
   Why:_____
3. _____Non Jury; _____6-person jury; _____12-person jury.
4. Significant legal issues, if any: _____
   _____
5. Trial witnesses presently known (defendant's, plaintiff's, etc.): _____
   State expert type: _____
6. Settlement:
   _____ [I] [We] have sufficient information to evaluate the case.
   _____ [I] [We] have provided sufficient information for opposing parties to evaluate the case.
   _____ [I][We] need the following information from_____to evaluate the case: _____

   _____ [I] [We] need the following discovery to obtain information sufficient to evaluate the case: _____ Explain why such information cannot be obtained informally without formal discovery: _____

   _____ [I] [We] have scheduled a settlement conference on _____, 20_____ with_____ *(facilitator)* or have requested the court's ADR coordinator to refer to facilitation.
                Or
   _____ [I] [We] request that this not be referred to facilitation because: _____
   The possibility of settlement is _____ good, _____ fair, _____poor.

7. Discovery:
    [I] [We] estimate it will take _____ months to complete discovery. *(Attach discovery plan if stipulated, or request for setting a discovery conference if wanted.)* If any party requests a discovery conference, answer the following:
    The party submitting this scheduling report intends to do the following discovery: _____
    *(If this is a joint scheduling report, each party shall answer this question.)*
    [Plaintiff] [Defendant] intends to do the following discovery:
    _____
    _____

8. [I] [We] estimate that trial will take ____ court days to try-
9. Dates counsel will not be available for trial due to the following conflicting court settings *(beginning with the date immediately following the time you estimate discovery will be completed).* _____
10. Stipulations: _____
11. Other: 
    _____

SUBMITTED BY:

Name of party:            _____
Attorney:                 _____
Address:                  _____
                          _____
Telephone Number          _____


Name of party:            _____
Attorney:                 _____
Address:                  _____
                          _____
Telephone Number          _____


CERTIFICATE OF MAILING

I HEREBY CERTIFY that I mailed, delivered or faxed a copy to the assigned judge and each party or each party's attorney on the ____ day of _____ , 20 _____

_____
Signature